**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4509

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDWIN ESTUARDO ORTIZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Rossie David Alston, Jr., District Judge.  (1:20-cr-00055-RDA-1)

Submitted:  February 11, 2022                                Decided:  March 22, 2022

Before WILKINSON, KING, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** James R. Theuer, JAMES R. THEUER, PLLC, Norfolk, Virginia, for Appellant.  Raj Parekh, Acting United States Attorney, Karolina Klyuchnikova, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edwin Estuardo Ortiz pleaded guilty to conspiracy to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a), 846. Ortiz and the Government did not agree on whether the plea agreement obligated the Government not to oppose a recommendation to apply the safety valve provision in 18 U.S.C. § 3553(f). In the presentence report, the probation officer recommended that the district court find Ortiz eligible for safety valve relief, and the Government objected. The district court found that the Government agreed not to oppose Ortiz's request for safety valve relief if Ortiz otherwise qualified for such relief, and that Ortiz was ineligible for relief; thus, the court imposed the statutory minimum sentence of 120 months' imprisonment. On appeal, Ortiz argues that the Government breached the plea agreement when it objected to his eligibility for the safety valve. We affirm.

"Plea agreements are grounded in contract law, and as with any contract, each party is entitled to receive the benefit of his bargain." *United States v. Edgell*, 914 F.3d 281, 287 (4th Cir. 2019) (internal quotation marks omitted).

> While we employ traditional principles of contract law as a guide in enforcing plea agreements, we nonetheless give plea agreements greater scrutiny than we would apply to a commercial contract because a defendant's fundamental and constitutional rights are implicated when he is induced to plead guilty by reason of a plea agreement.

*Id.* (internal quotation marks omitted). "The [G]overnment breaches a plea agreement when a promise it made to induce the plea goes unfulfilled." *United States v. Tate*, 845 F.3d 571, 575 (4th Cir. 2017).

2

The party alleging a breach of the plea agreement "must establish[] that breach by a preponderance of the evidence." *United States v. Snow*, 234 F.3d 187, 189 (4th Cir. 2000). "When a claim of breach of a plea agreement has been preserved, we review the district court's factual findings for clear error and its application of principles of contract interpretation de novo." *United States v. Lewis*, 633 F.3d 262, 267 (4th Cir. 2011) (internal quotation marks omitted).

Ortiz argues that the Government bargained away its discretion to argue against the application of the safety valve under any circumstances. The plea agreement, however, contained no language suggesting that the Government was bound by the probation officer's recommendation. Instead, the Government agreed not to oppose Ortiz's request for safety valve relief only if he qualified for such relief. From the unambiguous language of the plea agreement, it is clear that Government did not bargain away its right to object to Ortiz's eligibility if Ortiz did not qualify for safety valve relief in the first place. *See United States v. Jordan*, 509 F.3d 191, 195 (4th Cir. 2007) (stating that, when a "plea agreement is unambiguous . . . , and there is no evidence of governmental overreaching," this court rests its interpretation on the plea agreement itself). Here, as the district court concluded, Ortiz did not qualify for safety valve relief. We therefore conclude that the Government did not breach the plea agreement.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*